**LEEPER, Plaintiff-Appellant, v. YOUNGSTOWN SHEET & TUBE COMPANY, Defendant-Appellee.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3794. Decided October 13, 1955.

534

Traxler & Beil, Youngstown, for plaintiff-appellant.
Manchester, Bennett, Powers & Ullman, Youngstown, for defendant-appellee.

## OPINION

By PHILLIPS, PJ.

The Industrial Commission of Ohio disallowed plaintiff's application for adjustment of claim for compensation on original hearing and re-hearing on the ground that the proof of record showed that the death of her husband, called decedent, was not the result of an injury sustained in the course of and arising out of his employment with the Youngstown Sheet & Tube Company, a self-insurer under the Workmen's Compensation Act of Ohio.

On appeal to the court of common pleas the jury returned a verdict for the defendant upon which the trial judge duly entered judgment, and from which judgment plaintiff appealed to this court on questions of law.

Decedent died on April 1, 1949, from chronis myocardial degeneration, which had existed for two years, and of exhaustive psychosis of three days duration, which plaintiff alleges resulted from a fall sustained on March 26, 1947, while in defendant's employ.

Decedent, then aged fifty-five years, fell about six feet striking the left side of his head, which caused a severe contusion thereof, and an alleged contusion to his brain, a contusion to his left cheek bone and temple and left forearm necessitating his being hospitalized for "three or four days," during which time he was dazed, and the hospital record showed he was suffering from a tabo paresis, a condition in which the spinal cord and the brain are affected by syphilis.

On April 1, 1947, he was admitted to the Youngstown Receiving Hospital, where his condition worsened necessitating his being removed to the Massillon State Hospital for the insane, where he remained until his death. During his stay at Massillon State Hospital at times he was normal and at times tempermental, dazed and confused.

For approximately seven years prior to March 26, 1947, decedent was treated for a luetic condition, which one of plaintiff's physician witnesses testified was aggravated by decedent's fall; and at times decedent was nervous and irritable and had difficulty adjusting himself to the presence of others and getting along with them.

Two of the other plaintiff medical witnesses testified that in their opinion there was a "probable causal relationship" between decedent's injury and death.

Defendant's medical witnesses, one of whom was Superintendent of the Massillon State Hospital, testified that in their opinions there was no causal relationship between decedent's injury and death.

Plaintiff admits that the "medical evidence is conflicting," but "believes that the testimony of the physicians called upon behalf of the defense is illogical and unreasonable under the circumstances."

The question presented is not whether it is "unreasonable for a person suffering from the aforesaid condition to develop a psychosis after falling from a scaffold a distance of six feet and sustaining an injury to his head, especially when the psychosis developed within four days after the fall."

As we see it the question is whether there is a probable causal connection between the decedent's fall and his death from chronic myocardial degeneration during two years, and exhaustive psychosis during three days.

The evidence is conflicting on the question we believe is presented, thus presenting a jury question, which relieves the trial judge of alleged commission of error in overruling plaintiff's motion "for judgment notwithstanding the verdict of the jury." We cannot disturb the verdict of the jury on the urged grounds that it "was not sustained by any evidence," and was "against the manifest weight of the evidence."

It is obvious that we conclude that the trial judge did not err to plaintiff's prejudice, as contended, in overruling her motion for a new trial, and that the judgment of the trial court is not contrary to law, and accordingly must be and hereby is affirmed.

NICHOLS and GRIFFITH, JJ, concur.